UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANDREA MOREIRA

       Plaintiff,

                                 Case No: 15-cv-21439-MGC

FERNANDA JOHANNPETER FRANCA
And RODRIGO MADLENER FRANCA

       Defendants

### PLAINTIFF's MOTION FOR ENTITLEMENT TO PREVAILING PARTY COSTS AND ATTORNEYS FEES AND/OR FOR ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF

Plaintiff, Andrea Moreira ("Moreira"), by and through her undersigned counsel and pursuant to Fla. Stat. 448.08 and 28 USC 1920, hereby files her Motion for Entitlement to Prevailing Party Costs and Attorneys' Fees and/or for Entry of Judgment in Favor of Plaintiff and hereby argues as follows:

### Statement of Facts and Procedural History

1.     Moreira was hired on November 1, 2011 by Defendants. (D.E. 48 at p. 1). On or about November 1, 2013, after being sued by a former employee, for FLSA violations, in the case of *Josseline Bonilla v. Fernanda and Rodrigo Madlener*, U.S. District Court S.D. Fla. 1:13-cv-23323, Defendants had Moreira sign an Employment Agreement ("Agreement"). Pursuant to Paragraph 5 of the Agreement Moreira was entitled to 2 weeks of vacation and 5 days of sick time per calendar year. Pursuant to Paragraph 4 of the Agreement, Moreira was entitled to pay paid $60,000 per year to work Tuesday through Friday from 9 am to 5 pm and "extra hours", beyond the scheduled work hours, at the rate of $18 per hour.

2. On or about November 21, 2014, the employment of Moreira was terminated by Defendants. (*See*, deposition of Analuiza D.E. 49 at p. 46). At that time, a letter was sent to Moreira promising payment of her accrued PTO, but none was paid. (*See*, Exhibit B (D.E. 50-1) to Affidavit of Moreira).

2. On or about March 10, 2015, Moreira filed a Complaint in Miami-Dade Circuit Court for violation of the Fair Labor Standards Act ("FLSA"), Breach of the Agreement, and in the alternative for unjust enrichment. The claims for breach of contract alleged that Defendants breached the contract by failing to pay her "accrued PTO and compensation." Complaint at Paragraph 18. The Unjust Enrichment count sought the same PTO and wages as the Contract claim in the alternative. The FLSA Count was intended to seek the same unpaid wages as the other two counts, but due to a typographical error it sought "overtime" rather than "regular time."

3. On or about April 22, 2015, Defendants Answered the Complaint denying any relief under the Agreement was owed and responding in part as a defense that Defendants "satisfied all other obligations under the contract." (D.E. 4). At no time did Defendants offer to pay any amounts to Moreira including the accrued PTO sought in the Complaint.

4. On or about May 22, 2015, in accordance with this Court's Order, Plaintiff filed its Compliance with Order in Actions Brought Under the FLSA (D.E. 8). In the Compliance, Plaintiff contends that she was not paid for "extra hours" at $18 per hour. Plaintiff contends that she was also owed accrued vacation and sick time of $1,978.01. Finally, Plaintiff contended that she was owed moneys for breach of

contract since the Defendants failed to terminate the Agreement "for cause." After filing this Compliance, Defendants did not tender any amounts to Moreira including extra hours or accrued PTO.

5. On June 4, 2015, Defendants filed their Response to Plaintiff's Statement of Claim (D.E. 10), denying any amounts owed under the terms of the Agreement including accrued PTO.

6. On or about July 24, 2015, Plaintiff served written discovery requests upon the Defendants. Plaintiff's counsel then agreed to a 14 days extension of time for responses. On or about September 8, 2015, Defendants responded and only on or about October 15, 2015, most of the discovery documents were actually produced.

7. In October 2015, the undersigned sought depositions of the Defendants and their HR Manager Analuiza Von Lachmann. Because counsel was not available for depositions, the undersigned agreed to a joint Motion to Extend discovery for 90 days. (D.E. 16). On October 9, 2015, this Court denied the requested relief and the undersigned insisted upon depositions of the parties in order to be able to continue to invoke Magistrate assistance for non-compliance.

8. On October 9, 2015, Defendants filed a Motion for Partial Summary Judgment (D.E. 18) seeking in part to dismiss the FLSA claims because Morreira was not making a claim for "overtime." The undersigned had never sought overtime for Plaintiff even in its Notice of Compliance, but thought that Count I sought both regular time under the FLSA. When the undersigned realized that Count I did not have a claim for regular time, Morreira sought Leave to Amend the Complaint (D.E. 20) to change Count I to a claim for regular time and to seek relief for the

Defendants misclassification of Plaintiff as a 1099, which undersigned counsel only realized when discovery documents were produced on or about October 15, 2015. The Motion for Leave to Amend was denied by this Court on November 17, 2015 (D.E. 34).

9.      Moreira then filed a Motion to Compel Depositions and Motion to Continue Summary Judgment to ensure that depositions of the relevant parties were provided prior to needing to respond to the pending Motion for Summary Judgment (D.E. 21 and 22).  The relief sought in both of these Motions was granted by this Court (D.E. 35 and 36).

10.     On November 22, 2015, in light of this Court's ruling on the Motion for Leave to Amend, the undersigned sought to voluntarily dismiss Count I (FLSA) of the Complaint in order to preserve resources of this Court and counsel (D.E. 39).

11.     On November 22, 2015, the undersigned in good faith sought to remand this matter to Miami-Dade Circuit Court because, in light of the dismissal of the FLSA counts, this Court no longer had subject matter jurisdiction in that the only remaining counts were for violations of Florida law (D.E. 40).

12.     On or about December 9, 2015, the undersigned took the depositions of the Defendants for a total of approximately three hours.

13.     On or about December 15, 2015, the undersigned took the deposition of Analuiza Von Lachmann ("Analuiza")(D.E. 49).  This deposition lasted one hour and ½.  The undersigned agreed in good faith to move the depositions of this witness due to a family emergency she had experienced.  At this deposition,  Analuiza admitted that Moreira should have been paid her accrued PTO and that it appeared

to be a "mistake" that she was not paid these amounts back in November 2014 (D.E. 49 at p. 48). Even after this deposition, Defendants still did not tender any amounts owed to Moreira.

14. On December 19, 2015, Moreira filed her Affidavit in Opposition to the Defendants' Motion for Summary Judgment. (D.E. 48). In it she gave background history relating to her employment with Defendants. Defendants' counsel point to the fact that she scratched out that she was never paid overtime, but this was just surplus background language that was taken out as there was not even a claim for overtime being pursued at this time. It does not seem that ensuring that a client prepares an accurate Affidavit could be classified as vexatious litigation. In Moreira's Affidavit, she affirmed that she was not paid her accrued PTO and that she was not paid for her "extra hours" at $18 per hour and pointed to store receipts, produced from Defendants, where she was routinely shopping after 5pm for the Defendants. (D.E. 48 at p 3).

15. It should be noted that despite being sued previously for FLSA violations, the Defendants still failed to maintain time records of their employees, as required by the U.S. Department of Labor, which would have gone a long way in assisting the parties to more expeditiously determine what time Moreira owed.

16. On February 3, 2016, this Court entered an Order on Defendants' Motion for Partial Summary Judgment (D.E. 55), dismissing Counts I and III of the Complaint and holding that the Agreement was properly terminated "without cause," but without reaching any conclusions as to what, if any amounts were still owed to Moreira under the terms of The Agreement. While this Court ruled that Plaintiff was

paid all of her accrued salary, that is not entirely correct, in that she admits she was paid all salary owed, but clearly set forth in her that she was still owed for "extra hours" worked at $18 per hour in addition to her accrued PTO.

17. On February 5, 2016, Defendants tendered, for the first time, the accrued PTO in the amount of $1,800 to Moreira which was owed since November 2014. Nothing was tendered for the "extra hours" at $18 per hour to Moreira. Nothing was tendered toward taxable costs paid by Moreira to recover these monies. Nothing was paid for attorneys' fees, pursuant to Fla. Stat. 448.08, for Moreira having to hire counsel to recover the monies she sought to be paid for 15 months.

18. On February 17, 2016, this Court held a status conference and ruled that, even though none of Plaintiff's "extra hours' were paid to her, that there were no longer any triable issues by this Court. There has still been no judgments entered by this Court in favor of either party.

## Legal Memorandum

### Plaintiff is the Prevailing Party Entitled to Court Costs and Attorneys Fee's Pursuant to Fla. Stat. 448.08

In February 2016 after 15 months of litigation, Defendants finally paid Moreira her accrued PTO which was part of the relief sought by her since the filing of the case. The fact that this amount was even owed was steadfastly denied by the Defendants until their HR Manager, admitted in her deposition, in December 2015, that she was mistakenly not paid these amounts.

First, Moreira should be held to be the prevailing party to recover her attorney's fees pursuant to 448.08.  Section 448.08 of the Florida Statues provides: "The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorneys' fee."   Under this statute, the definition of "wages" has also been held to cover unpaid vacation and PTO.  *See, Strasser v. City of Jacksonville*, 655 So.2d 234 (Fla. 1st DCA)(relating to annual leave credits and vacation pay).

The legislative purpose of 448.08 was to allow an unpaid wages plaintiff to seek reimbursement from his or her employer without worrying about the cumbersome costs of litigation.  *Filomena Ruffa v. Saftpay, Inc.*, Case No: 3D14-902 (3rd DCA 4/29/15); *Doyle v. School Board of Liberty County,* 415 So.2d 791, 793 (Fla. 1st DCA 1982)("in enacting Section 448.08, the Legislature intended to avoid the inequity which would result if an employee were required to pay her own attorneys' fees in actions for unpaid wages"); *William Langford v. Paravant, Inc.*, Case No: 5D08-4320 (Fla. 5th DCA 10/8/10)("The policy behind section 448.08 is to provide ' a means to equalize the disparate positions of employees in attempting to collect for the fruits of their labors.'")(citing to *Tampa Bay Publ'ns, Inc. v. Watkins*, 549 So.2d 745, 747 (Fla. 2d DCA 1989)).

While it is within the Court's reasonable discretion to deny such a fee award, a trial court may abuse its discretion by denying fees to a Plaintiff who prevailed in a case for wages where denial of said fees would frustrate the legislative purpose of the statute.  *Doyle v. School Board of Liberty County*, 415 So.2d 791 (1st DCA 1982)(reversing trial court's denial of fees where a teacher prevailed on her claim

and her fees substantially outweighed her recovery). It is also well-settled Florida law that the mere fact that Employee prevailed on some issues, but not on others is not sufficient to deny attorneys' fees under 448.08. *Rosen Building Supplies, Inc. v. Krupa*, 927 So.2d 899, 900 (Fla. 4th DCA 2005)(awarding fees under 448.08 for successful claims); *Warshall v. Price*, 629 So.2d 905 (Fla. 4th DCA 1993)(holding that employee was entitled to fees for unsuccessful claims seeking unpaid wages because it was intertwined with successful claims). The fact that an employee does not recover all of the wages sought does not alter her status as prevailing party under 448.08. *Tampa Bay Publ'ns, Inc. v. Watkins*, 549 So.2d 745, 747 (Fla. 2d DCA 1989). *Community Design Corp. v. Antonell*, 459 So.2d 343, 346 (Fla. 3rd DCA 1984)("…we hold that a party prevails within the meaning of section 448.08 when there is an affirmative judgment rendered, even if it is for less than the amount claimed and recover is not had on all counts.").

      The determination of what fees were reasonably incurred by Moreira in her successful claims should be determined when this Court determines how much should be awarded, not on the issue of fee entitlement. Similarly, under 448.08 and 28 USC 1920, this Court should award costs to Moreira which total approximately $2700 ($404 filing fee; approximately $273 in service of process; approximately $800 in court reporting fees and approximately $1300 in mediation fees)(proof of costs can be submitted upon determination of entitlement). Otherwise the legislative purpose of 448.08 is completely frustrated, where, as here, the Defendants forced Moreira to expend court costs, well in excess of what was paid to her, meaning she

after 15 months of waiting, she still won't get paid what she is owed.  She will ultimately get nothing if no costs or fees are awarded to her.

While Defendants may contend that they were the prevailing party on two of three counts, in reality, all three counts were seeking similar relief.  Count I was only dismissed due to a typo seeking "overtime" rather than "regular time."  Count III was alleged in the alternative to the claims for breach of contract and since the Court found a valid breach of contract, it dismissed the unjust enrichment claims.  Defendants may also claim that no fees or costs should be awarded given the relatively small amount of recovery by Moreira.  However, in *City of Riverside v. Rivera*, the Supreme Court expressly rejected the argument that a fee award should be in proportion to the damages award received by the Plaintiff.  477 U.S. 561, 574 (1986).  The Supreme Court held in this regard:

> A rule of proportionality would make it difficult, if not impossible
> For individuals with meritorious civil rights claims but relatively
> Small potential damages to obtain redress from the courts.  That
> Is totally inconsistent with Congress' purpose in enacting Section 1988.
> Congress recognized that private-sector fee arrangements
> Were inadequate to ensure sufficiently vigorous enforcement of civil rights.
> In order to ensure that lawyers would be willing to represent persons
> With legitimate civil rights grievances, Congress determined that it would
> By necessary to compensate lawyers for all time reasonably expended on
> a case.

*Id.* at 578.  *accord Cullens v. Georgia Dept of Transp.*, 29 F3d 1489, 1493 (11th Cir. 1994).  Moreover, since Congress determined that it is important for FLSA rights to be enforced, reasonable attorneys' fees must be awarded in order to provide for such enforcement, particularly when the victims of FLSA violations are often low-wage workers who per-person damages may not be significant.  *See, Fegley v.*

*Higgins*, 19 F.3d 1126, 1134-45 (6th Cir. 1994)(FLSA fee award "encourages the vindication of congressionally identified policies and rights."); *United Slate, Tile And Composition Roofers v. G&M Roofing and Sheet Metal Co., Inc.*, 732 F.2d 495, 502 (6th Cir. 1984)(purpose of FLSA fee award "is to insure effective access to the judicial process"); *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)("obviously Congress intended that the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs."); *Shannon v. Saab Training USA, LLC*, Case No: 6:08-cv-803-Orl-19DAB, 2009 WL 1772808 * 3 (M.D. Fla. June 23, 2009)("To encourage private enforcement of statutory rights under the FLSA, Congress enacted a fee-shifting provision.")  Thus, it is not uncommon for attorneys' fees award to exceed the amount recovered by the Plaintiffs in lost wages cases—particularly for low wage workers.  If the attorneys' fees had to be proportionate to the amount recovered by Plaintiffs, then there would be little incentive for counsel to undertake representation on behalf of those who were victims of wage-theft—but who stood only to recover minimal amounts.

**Defendants Should Not Be Allowed to Tender Amounts Owed in the Absence of an Offer of Judgment Without a Judgment Being Entered Against Them**

This Court should not have allowed the tendering of a check for the claimed amount owed to Moreira to moot or dispose of this case in the absence of an Offer of Judgment.  It is well-settled that, where, as here, wages are tendered in an unpaid wage case, that a settlement offer should not moot the case without a Judgment in one parties favor or an agreement to pay attorneys' fees and costs incurred in litigating that judgment*.  See, Dorothy Manley v. RSC Corporation*, Case No: 8:14-CV-1327-T-30-TGW (M.D. Fla. 7/29/14)(settlement offers do not moot an action under

the FSLA if there is no offer of judgment in favor of the Plaintiff and against the Defendant); *Julio Ferandez v. Andy Iron Works, Inc.,* Case No:13-cv-24477-GOODMAN (S.D. Fla. 7/10/14)("The Eleventh Circuit has made clear that when plaintiff's do not concede that their case is moot, or accept a settlement offer (the Plaintiff has don neither here) courts cannot simply dismiss the case with prejudice."). While these cases are in the FSLA context, they are certainly analogous to the type of claim brought in this matter.

## Conclusion

WHERFORE, Moreira requests a determination that she was the prevailing party to recover attorneys' fees and costs pursuant to Fla. Stat. 448.08 and 28 USC 1920 and for an Order to determine a reasonable amount of fees and costs at a later time and for any other relief this Court deems just and proper under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with this Court on March 29 2016 with the Clerk of the Court by using the ECF system which will send a notice of electronic filing to the following: William Roppolo, Esq. and Jodi Pandolfi, Esq., Baker & McKenzie, LLP, 1111 Brickell Ave., Suite 1700, Miami, FL 33131.

        Behren Law Firm
        2893 Executive Park Drive
        Suite 110
        Weston, FL 33331
        (954) 636-3802
        (772) 252-3365 (Fax)
        scott@behrenlaw.com

        By: /Scott M. Behren/
           Fla. Bar. 987786